816 F.2d 555
 43 Fair Empl.Prac.Cas. 929,
43 Empl. Prac. Dec. P 37,038
Robert S. TAFOYA, Plaintiff-Appellant,
v.
James ADAMS, Individually and as Recreation Supervisor of
the Department of Parks and Recreation for the City and
County of Denver, and the City and County of Denver, a
municipal corporation, Defendants-Appellees.
 No. 85-2219.
 United States Court of Appeals,
Tenth Circuit.
 April 21, 1987.
 
 Paul A. Baca, Denver, Colo., for plaintiff-appellant.
 Geoffrey S. Wasson, Asst. City Atty. (Stephen H. Kaplan, City Atty., with him on the brief), Denver, Colo., for defendants-appellees.
 Before LOGAN, BALDOCK and McWILLIAMS, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 Robert S. Tafoya, a Mexican-American citizen of the United States, was terminated from his employment with the Department of Parks and Recreation for the City and County of Denver on January 20, 1984. On January 24, 1984, Tafoya filed a charge with the Equal Employment Opportunity Commission (EEOC). On April 30, 1984, the EEOC issued Tafoya a notice of right to sue. Tafoya then instituted the present proceeding in the United States District Court for the District of Colorado, naming as defendants James Adams, Tafoya's immediate supervisor in the Department of Parks and Recreation, and the City and County of Denver.
 
 
 2
 In his complaint, Tafoya sought relief under 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The district court granted the defendants partial summary judgment on Tafoya's Sec. 1981 and Sec. 1983 claims, the district court's Memorandum Opinion and Order appearing as Tafoya v. Adams, 612 F.Supp. 1097 (D.Colo.1985). Thereafter, in a trial to the court, the district court entered judgment in favor of the defendants on Tafoya's Title VII claim. Tafoya now appeals the judgment dismissing his 1981 and 1983 claims. He does not appeal the adverse judgment suffered on his Title VII claim.
 
 
 3
 In paragraphs 6 through 18 of the complaint, Tafoya sets forth the facts. In paragraphs 19 through 24, Tafoya sets forth his three claims for relief, one based on Sec. 1981, a second on Sec. 1983, and a third on Title VII. Each of the claims is based on the same operative facts set forth in paragraphs 6 through 18. From that statement of facts, we learn that Tafoya, a long time employee of the Department of Parks and Recreation, filed a charge of discrimination with the EEOC in 1980, alleging that he was demoted from his Director II position because he was a Mexican-American. According to the complaint, however, this dispute was settled and it was agreed that Tafoya would be re-promoted to the next Director II vacancy, which he was on February 1, 1983.
 
 
 4
 After his reinstatement, Tafoya's immediate supervisor was James Adams. From the record it does not appear that Adams had anything to do with the 1980 charge of discrimination. However, Tafoya alleges in his complaint that very shortly after his re-promotion to Director II on February 1, 1983, Adams told him that he (Adams) was going to "get rid" of Tafoya because he (Tafoya) had filed the discrimination charge in 1980. Thereafter, according to the complaint, Adams embarked on a campaign to "get rid" of Tafoya, by doing such things as giving Tafoya poor job performance rating, causing Tafoya to be placed on probationary status, attempting to coerce Tafoya into resigning, causing dissension among the employees under Tafoya's supervision, and the like. On January 20, 1984, according to the complaint, Adams accomplished his goal when the Manager of Parks and Recreation terminated Tafoya's employment on Adams' recommendation.
 
 
 5
 In granting the defendants' motion for partial summary judgment and dismissing Tafoya's Sec. 1981 and Sec. 1983 claims for relief, the district court held that "... where an employee does not establish an independent basis and the Secs. 1981 and 1983 claims are inherently bound up with the Title VII claim, Title VII constitutes the exclusive remedy."[1] We affirm the judgment of the district court, but on a narrower ground, and hence do not need to here test the broader pronouncement of the district court.
 
 
 6
 The defendants' motion for summary judgment was filed after the defendants had answered the complaint. So far as we can ascertain from the record before us, there was nothing of an evidentiary nature before the court when the motion for summary judgment was considered and granted. Hence, we regard the motion for summary judgment as, in reality, a motion to test the sufficiency of the complaint.
 
 
 7
 The gist of Tafoya's complaint is that on January 20, 1984, the Manager of Parks and Recreation terminated his employment with the city on the recommendation of his supervisor, James Adams, and that the termination was in retaliation for Tafoya's filing of discrimination charges four years earlier. We have studied the complaint carefully, and we find no language which even suggests that in bringing about the termination of Tafoya's employment with the city, Adams or anyone else was motivated by discriminatory animus based on race or other "non-white" status.[2]
 
 
 8
 We are aware that the district court in its Memorandum Opinion and Order stated that the complaint indicates that Tafoya was discharged in retaliation, and "there might also have been some discrimination involved with this termination." We find nothing in the complaint that would support the quoted language. On the contrary, there is nothing in the complaint that suggests race discrimination on the part of either Adams or any other representative of the city in connection with Tafoya's discharge. The gravamen of the complaint is retaliatory termination, nothing more.
 
 
 9
 42 U.S.C. Sec. 2000e-3 provides, in part, that it is an unlawful employment practice for an employer to discriminate against one of his employees because the employee has opposed any practice made an unlawful employment practice by the Act or because the employee has filed a charge under the Act. Clearly, Tafoya has set forth in his complaint operative facts sufficient to charge retaliatory discharge under Title VII, although he was apparently unable to prove his charge upon trial of the matter.[3] The narrow question which remains is whether Tafoya in his complaint has set forth operative facts sufficient to support a claim under Sec. 1981. We think he has not.
 
 
 10
 Sec. 1981, which prohibits discrimination based upon race, reads as follows:
 
 
 11
 "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."
 
 
 12
 In Manzanares v. Safeway Stores, Inc., 593 F.2d 968 (10th Cir.1979), we held that allegations by an employee that he was discriminated against by his employer because he was of Mexican-American descent and that he received treatment different from Anglos stated a cause of action under Sec. 1981. We find nothing in the present complaint which would indicate, even obliquely, that Adams discriminated against Tafoya because he was Mexican-American or acted in a manner different than he would have acted if an Anglo had been involved.
 
 
 13
 In short, the complaint adequately sets forth a Title VII case based on retaliatory discharge, but does not allege a race discrimination claim under Sec. 1981. In such circumstance, we need not here determine whether even if Tafoya had claimed race discrimination in connection with his retaliatory discharge his only remedy would still be under Title VII.[4] Having determined that Tafoya's complaint does not set forth a Sec. 1981 claim, it follows that his Sec. 1983 claim also falls.[5] The right to be free of retaliatory discharge provided for by Title VII does not entitle one to relief under 1983 or 1985(3). Great American Fed. Sav. & Loan Ass'n. v. Novotny, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) and Irby v. Sullivan, 737 F.2d 1418 (5th Cir.1984).
 
 
 14
 In this general connection, see also Day v. Wayne County Bd. of Auditors, 749 F.2d 1199 (6th Cir.1984). In Day, the district court found retaliatory demotion on the part of the county, but, at the same time, found no discrimination based on either age or race. Accordingly, the district court granted the plaintiff relief under Title VII, but denied relief under Sec. 1981 or Sec. 1983. On appeal the Sixth Circuit affirmed. In so doing, the Sixth Circuit concluded that the plaintiff had abandoned his Sec. 1981 claim, but held that the district court did not err "in dismissing the plaintiff's Sec. 1983 action when the only unlawful act proven by the plaintiff was violation of the provision of Title VII which makes it illegal for an employer to retaliate for an employee's charges of discrimination." Day at 1205.
 
 
 15
 Judgment affirmed.
 
 
 
 [1]
 Congress enacted Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., to assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex, or national origin. Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 1017-18, 39 L.Ed.2d 147 (1974). Cooperation and voluntary compliance were selected as the preferred means for achieving this goal. Id
 
 
 [2]
 The City and County of Denver is a municipal corporation and can only act by and through its representatives. James Adams is the only individual named as a party defendant and is the only person identified in the complaint. As indicated, the actual termination was made by the Manager of Parks and Recreation. However, that person is not identified, nor is there any suggestion that he, or she, was motivated by race animus
 
 
 [3]
 On July 12, 1985, following a trial to the court, the district court entered judgment for the defendants, dismissing Tafoya's Title VII action
 
 
 [4]
 Tafoya's allegation that he was fired in 1984 as retaliation for filing a discrimination charge in 1980 is not, in our view, the equivalent of an allegation that in 1984 his retaliatory discharge was motivated, at least in part, by race discrimination. But, see Irby v. Sullivan, 737 F.2d 1418 (5th Cir.1984), in which the court concluded that a Sec. 1981 claim may be based on retaliatory action taken in response to an employee's filing of an EEOC charge or civil rights lawsuit alleging racial discrimination. Irby at 1429, citing Goff v. Continental Oil Co., 678 F.2d 593, 598 (5th Cir.1982). We prefer footnote 22 in Irby, wherein the court said that "[t]o establish a violation of section 1981, discriminatory animus based on race or other 'non-white' status ordinarily must be proven" (citing General Building Contractors v. Pennsylvania, 458 U.S. 375, 382-91, 102 S.Ct. 3141, 3145-50, 73 L.Ed.2d 835 (1982)). The author of the Irby opinion further observed that it is "reasonably arguable, where racial animus is wholly lacking, that Novotny [Great American Fed. Sav. & Loan Ass'n. v. Novotny, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) ] teaches that Title VII is the exclusive remedy for a retaliatory act taken against the filing of an EEOC complaint." Irby at 1430, n. 22
 
 
 [5]
 Section 1983, a remedial statute, provides in pertinent part:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
 Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 616-18, 99 S.Ct. 1905, 1915-16, 60 L.Ed.2d 508 (1979).