Phillip E. MORRIS, et al., Plaintiffs,

v.

STATE OF KANSAS DEPARTMENT OF REVENUE, Defendant.

No. 93–4186–SAC.

United States District Court, D. Kansas.

March 15, 1994.

Elizabeth M. Phelps, Phelps–Chartered, Topeka, KS, for Phillip E. Morris, Thomas W. Johnson, Ronnie L. Barrett, Larry N. Samford and George Martinez.

Cathleen M. Reeder, Kansas Dept. of Revenue, Topeka, KS, for State of Kan. Dept. of Revenue.

**1424**

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion to dismiss and motion for judgment on the pleadings. (Dk. 7). This is an employment discrimination and civil rights case. The plaintiffs allege the defendant hired them to be law enforcement officers with full police power for the Division of Alcoholic Beverage Control ("ABC"). The defendant, effective July 6, 1992, denied the plaintiffs a promotion/reclassification and stripped them of their police powers for the ABC. After complaining of these adverse job actions, the plaintiffs allege that the defendant's representatives retaliated with harassment and a hostile working environment. The plaintiffs allege they are victims of "unlawful age, gender and/or race-based discrimination and/or retaliation" in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* ; Title VII of the Civil Rights Act of 1964 and as later amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; and the federal civil rights statutes, 42 U.S.C. §§ 1981 and 1983.

The defendant moves to dismiss the plaintiffs' claims under the federal civil rights statutes for failure to state claims upon which relief can be granted. The defendant argues that the plaintiffs allege only substantive violations of Title VII and ADEA and that their exclusive remedy for such violations is the respective acts and not the civil rights statutes. In addition, the defendant argues that it is immune from suit under the federal civil rights statutes.

▆▆ A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the

plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987).[1] The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon,* 935 F.2d at 1109. It is not the court's function "to weigh potential evidence that the parties might present at trial." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989). The court applies the same standards in deciding a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). *Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 528–29 (10th Cir.1992).

▆▆ Section 1983 does not create substantive rights, *Gallegos v. City and County of Denver,* 984 F.2d 358, 362 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2962, 125 L.Ed.2d 662 (1993), but serves only as " 'a remedy for violations of rights secured by federal statutory and constitutional law,' " *Trujillo v. Grand Junction Regional Center,* 928 F.2d 973, 977 (10th Cir.1991) (quoting *Tafoya v. Adams,* 816 F.2d 555, 558 n. 5 (10th Cir.), *cert. denied,* 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 108 (1987)). "[A] right created solely under Title VII cannot serve as the basis for an independent remedy under Section 1983." *Starrett v. Wadley,* 876 F.2d 808, 813 (10th Cir.1989) (citations omitted). If the § 1983 claim is brought on a distinct right, "independent" from the Title VII rights, then the state employee alleging discrimination may bring claims under both § 1983 and Title VII. *Drake v. City of Fort Collins,* 927 F.2d 1156, 1162 (10th Cir.1991). The Tenth Circuit recently discussed this independent claim rule:

[U]nder *Drake,* the basis for a § 1983 claim is "independent" from Title VII when it rests on substantive rights provisions *outside* Title VII—that is, when its rests on a constitutional right or a federal statutory right other than those created by Title VII. We emphasize that the basis of

---

1. "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

a § 1983 claim may be independent of Title VII even if the claims arise from the same factual allegations and even if the conduct alleged in the § 1983 claim also violates Title VII. For example, a § 1983 claim of racial discrimination is independent of a statutory disparate treatment claim arising out of the same set of facts because the § 1983 claim is substantively grounded in the Equal Protection Clause of the Fourteenth Amendment, whereas the disparate treatment claim flows from Title VII. Because the substantive legal standards that govern these claims emanate from different sources, as long as the substantive legal bases for the claims are distinct, our "independence" requirement is satisfied and Title VII does not foreclose an employment discrimination plaintiff's § 1983 claim.

*Notari v. Denver Water Dept.,* 971 F.2d 585, 587 (10th Cir.1992). Consequently, a "plaintiff can recover under Section 1983 for a retaliatory termination based upon First Amendment violations." *Starrett v. Wadley,* 876 F.2d at 817 n. 12. On the other hand, "a Section 1983 action cannot be based solely upon a violation of the right to be free of retaliatory discharge created by Title VII." *Starrett,* 876 F.2d at 817 n. 12 (citations omitted); *see, e.g., Long v. Laramie County Community College Dist.,* 840 F.2d 743, 752 (10th Cir.) (§ 1983 does not support a theory of liability for retaliatory conduct taken in response to employee's efforts to obtain redress for sexual harassment), *cert. denied,* 488 U.S. 825, 109 S.Ct. 73, 102 L.Ed.2d 50 (1988). In addition, an equal protection claim under § 1983 exists when a public employer discriminates against the employee because of the employee's sex, *Starrett v. Wadley,* 876 F.2d at 814–15, or race, *Poolaw v. City of Anadarko,* 660 F.2d 459, 462 (10th Cir.1981), *overruled on other grounds, Skin-*

*ner v. Total Petroleum, Inc.,* 859 F.2d 1439, 1445 n. 6 (10th Cir.1988).

The plaintiffs maintain that their § 1983 claims are based on substantive rights independent of Title VII: namely, the equal protection clause of the Fourteenth Amendment and the free speech and association rights of the First Amendment. The defendant in reply refutes that the plaintiffs have alleged constitutional violations or the facts to support such claims. The defendant further points out that it is not a "person" under § 1983. Even if the plaintiffs amended their complaint to allege such violations, the defendant insists such claims are preempted by Title VII and the ADEA.[2]

▮▮▮ The court agrees that the plaintiffs' complaint fails to plead a § 1983 claim in sufficient terms. Section 1983 claims are subject to the liberal federal rules of "notice pleading." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517, 524 (1993).[3] The terms of § 1983 demand only two allegations: (1) that a "person" has deprived the plaintiff of a federal right, constitutional or statutory; and (2) that the "person" acted under color of state law when depriving the plaintiff of the federal right. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). If either element is missing, then a § 1983 claim has not been pleaded. *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991).

▮▮▮ The only defendant named in the complaint is the State of Kansas for the Department of Revenue. A state or state agency is not a "person" for purposes of § 1983.[4] *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989). In addition, the plaintiffs' complaint does not identify the spe-

**2.** The Tenth Circuit case law discussed above demonstrates that the defendant's Title VII preemption argument is wrong. The plaintiffs explain that their intended § 1983 claims are based on rights independent from those protected by Title VII and the ADEA.

**3.** Rule 8(a)(2) requires "a short and plain statement of the claim showing the pleader is entitled to relief." It is enough that the complaint gives "the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

**4.** "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo,* —— U.S. ——, ——, 112 S.Ct. 358, 359, 116 L.Ed.2d 301, 310 (1991) (citation omitted).

cific constitutional rights on which the § 1983 claims are brought. "[S]ection 1983 provides a remedy for deprivations of *specific* constitutional rights, not generalized allegations of constitutional deprivations." *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir.1990) (citation omitted). "A failure to identify a right, privilege or immunity secured by the Constitution that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted." *Codd v. Brown*, 949 F.2d 879, 882 (6th Cir.1991). Finally, assuming the plaintiffs had identified specific rights under the First Amendment and had sued state officials in their individual capacities, the complaint still does not plead sufficient facts. A civil rights complaint "must not be conclusory and must set forth facts which state a claim as a matter of law." *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir.1993). For a First Amendment retaliation claim, the plaintiff must engage in constitutionally protected speech and the defendant must retaliate against the plaintiff because of that speech. *Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 672 (7th Cir. 1992). The complaint must contain sufficient facts from which the court can infer that the speech or association was constitutionally protected, *i.e.* involved a matter of public concern, and that a defendant person retaliated against the plaintiff for this constitutionally protected activity. *Caldwell*, 959 F.2d at 672; *see Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1270 (10th Cir.1989); *cf. Lehman v. City of Louisville*, 967 F.2d 1474, 1477 (10th Cir.1992).

As presently pleaded, the plaintiffs' § 1983 claims do not state a claim upon which relief can be granted. The plaintiffs should have an opportunity to correct these deficiencies in an amended complaint. The plaintiffs' motion for leave to file a first amended complaint is pending before the magistrate judge and is not decided here.

█ The defendant also moves to dismiss the plaintiffs' § 1981 claim on two grounds. The defendant is correct that as a state agency it is immune from suit on § 1981 claims. *See Freeman v. Michigan Dept. of State*, 808 F.2d 1174, 1179 (6th Cir.1987); *Toney v. State of Alabama*, 784 F.Supp. 1542, 1545 (M.D.Ala.1992). The plaintiffs say they will cure this problem in their amended complaint.

The defendant also argues that the plaintiffs' exclusive remedy on the § 1981 claim is under § 1983 citing *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). The Supreme Court in *Jett* held that "§ 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." 491 U.S. at 733, 109 S.Ct. at 2721. The Civil Rights Act of 1991 amended § 1981 to clarify that "[t]he rights protected by this section are protected against ... impairment under color of State law." 42 U.S.C. § 1981(c). In effect, this amendment overrules *Jett*. *Arnett v. Davis County School District*, No. 92–C–988W, 1993 WL 434053 at *5, 1993 U.S.Dist. LEXIS 19088 at *16 (D.Utah Apr. 5, 1993); *Ford v. City of Rockford*, No. 88–C–20323, 1992 WL 309603, 1992 U.S. Dist. LEXIS 15825 (N.D.Ill. Oct. 15, 1992). The defendant's second argument is not persuasive under current law.

The defendant moves for judgment on the pleadings arguing the plaintiffs failed to file a timely administrative complaint with the Kansas Human Rights Commission ("KHRC"). Specifically, the defendant contends that the plaintiffs did not file charges with KHRC within 240 days of the alleged adverse job action. Besides disputing the defendant's strict application of the 240–day rule, the plaintiffs say the alleged adverse employment actions underlying their claims extend well into the governing limitations period. In reply, the defendant argues that the 240–day rule governs both ADEA and Title VII claims and that the plaintiffs confuse continuing consequences with separate actionable events.

█ It does not appear beyond doubt that the plaintiffs are unable to prove a set of facts showing their Title VII claims to be timely. Title VII offers " 'an integrated, multistep procedure' " commencing with the employee filing a discrimination charge with the EEOC. *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 62, 104 S.Ct. 1621, 1627, 80 L.Ed.2d 41 (1984) (quoting *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 359, 97 S.Ct.

2447, 2451, 53 L.Ed.2d 402 (1977)). The employee's timely filing of the charge "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *see also Smith v. Oral Roberts Evangelistic Ass'n, Inc.,* 731 F.2d 684, 686 n. 1 (10th Cir.1984). The burden rests with a plaintiff employee to prove this condition precedent when the defendant employer specifically denies that the condition has been fulfilled. *Jackson v. Seaboard Coast Line R. Co.,* 678 F.2d 992, 1010 (11th Cir.1982); *see Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 661 (11th Cir.1993).

In a deferral state, like Kansas, the complainant must file a discrimination charge with the EEOC within 300 days of the alleged unlawful employment practice. *E.E.O.C. v. Commercial Office Products, Co.,* 486 U.S. 107, 110, 108 S.Ct. 1666, 1668, 100 L.Ed.2d 96 (1988). This extended filing period accommodates a state's opportunity to address the discrimination charge before federal intervention. *Id.* at 110–11, 108 S.Ct. at 1668. Title VII requires a complainant to exhaust the state administrative remedies before filing with the EEOC and gives the state an exclusive 60–day deferral period to complete its investigation. A claimant may either file the charges directly with the state agency or file them with the EEOC and rely on the EEOC to refer them to the proper state agency. *See Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Either way, the claimant must still account for the 60–day deferral period and file the discrimination charges with the state agency within 240 days of the discriminatory event to ensure compliance with the 300–day requirement. *Mohasco Corp. v. Silver,* 447 U.S. 807, 814 n. 16, 100 S.Ct. 2486, 2491 n. 16, 65 L.Ed.2d 532 (1980).

The 240–day rule is not a rigid one. *Aronson v. Gressly,* 961 F.2d 907, 911 n. 2 (10th Cir.1992). A filing beyond the 240 days still will be timely if the state or local agency actually terminates its investigation or its proceedings before the 300–day period expires. 42 U.S.C. § 2000e–5(c); *see Commercial Office Products Co.,* 486 U.S. at 111–12, 108 S.Ct. at 1669. The late filing also will be timely if the state or local agency automatically terminates or waives its exclusive jurisdiction before the 300–day period expires. *Commercial Office Products Co.,* 486 U.S. at 125, 108 S.Ct. at 1676.

In *Commercial Office Products Co.,* the complainant filed a discrimination charge with the EEOC 290 days after the alleged event. The EEOC notified the state agency of the charge and of its intention to process the charge initially pursuant to the worksharing agreement. The state agency returned the EEOC notice with an express waiver of the state's right to process the charge initially. 486 U.S. at 113, 108 S.Ct. at 1670. The Court concluded that the state agency's waiver of the 60–day deferral period pursuant to the worksharing agreement meant the state agency "terminated" its proceedings. 486 U.S. at 114–15, 108 S.Ct. at 1670–71.

The issue left open in *Commercial Office Products Co.* is whether the waiver provision in a worksharing agreement by itself automatically terminates the state proceedings or whether the state also must act to waive the proceedings. Since *Commercial Office Products Co.,* the courts of appeals presented with this issue have agreed that a provision where the state waives jurisdiction over charges "is effective without any further action by the state agency." *Sofferin v. American Airlines, Inc.,* 923 F.2d 552, 556 (7th Cir.1991) (citing *Trevino–Barton v. Pittsburgh Nat. Bank,* 919 F.2d 874, 878–79 (3rd Cir.1990); *E.E.O.C. v. Techalloy Maryland, Inc.,* 894 F.2d 676, 678 (4th Cir.1990); *Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1479 (9th Cir.1989); *Griffin v. Air Products & Chemicals, Inc.,* 883 F.2d 940, 943 (11th Cir.1989)); *see also Worthington v. Union Pacific R.R.,* 948 F.2d 477, 480–82 (8th Cir.1991) ("Nothing in Title VII, the federal regulations, or the worksharing agreement between the EEOC and ... [the state agency] requires the State to confirm its waiver as each new case arises."). Such provisions are automatic or self-executing and result in the state proceedings being terminated on the same day that charges are filed or considered to be filed with the state agency. *Worthington,* 948 F.2d at 482.

The defendant here does not refer to or account for any provisions in the worksharing agreement between the EEOC and the KHRC. The plaintiffs do not cite any provisions of that agreement or offer a copy for the court's consideration. Based on its own experience and knowledge, the court understands that there was a worksharing agreement between the EEOC and the KHRC effective during the period that the plaintiffs filed their discrimination charges. This agreement, if anything like the typical worksharing agreements, probably provided that the agencies designate each other as agent for receiving charges. In all likelihood, the agreement also contained the typical waiver clauses wherein the state agency waives immediately its exclusive 60-day jurisdiction to the EEOC to process all charges filed more than six months, but less than 300 days, after the alleged discriminatory event. *See, e.g., Worthington,* 948 F.2d at 480–81; *Sofferin,* 923 F.2d at 554; *E.E.O.C. v. Techalloy Maryland, Inc.,* 894 F.2d at 678; *cf.* 29 C.F.R. § 1601.13(a)(3), (4) and (b). Federal courts in this circuit and district have found or at least assumed such provisions to exist in the Kansas worksharing agreement, for they have stated that "a Title VII claimant must file his discrimination charge with the appropriate state or local agency, or with the EEOC, within 300 days of the alleged unlawful act." *Peterson v. City of Wichita, Kan.,* 888 F.2d 1307, 1308 (10th Cir.1989) (underlining added), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2173, 109 L.Ed.2d 502 (1990); *see Waller v. Consolidated Freightways,* 767 F.Supp. 1548, 1558 (D.Kan.1991); *Lange v. Cigna Individual Financial Services Co.,* 766 F.Supp. 1001, 1003 (D.Kan.1991); *Foutty v. Equifax Services, Inc.,* 762 F.Supp. 295, 297 (D.Kan.1991), *modified on other grounds,* 764 F.Supp. 621 (D.Kan.1991).

█ The earliest alleged discriminatory event in the plaintiffs' complaint is the defendant's announcement on June 23, 1992, that the plaintiffs would suffer certain adverse job actions. The plaintiffs allege their discrimination charges were docketed with the EEOC on April 14, 1993. According to the court's calculations, the plaintiffs filed within 300 days of this event. The plaintiff's Title VII claims are not untimely as pleaded.

Nor does it does appear that the plaintiffs' claims under the ADEA are untimely. The defendant in its motion does not cite any authority for its assumption that the Title VII 240-day rule applies also to ADEA claims. The plaintiffs expose the defendant's assumption as erroneous by citing to *Aronson v. Gressly,* 961 F.2d 907, 911 (10th Cir. 1992). The Tenth Circuit there held that the 300-day period for filing with the EEOC, provided in the ADEA at 29 U.S.C. § 626(d)(2), "is not limited or qualified in any way except for the requirement that a complaint with the EEOC be filed 'within 30 days after receipt by the individual of notice of termination of proceedings under State law.'" 961 F.2d at 911 (quoting 29 U.S.C. § 626(d)(2)). The defendant boldly replies that it can "defeat" the "plaintiffs' assertion" that *Aronson* is "controlling" here. (Dk. 16 at 5). The defendant overestimates the force of its arguments.

█ This court is bound to follow Tenth Circuit precedent. *United States v. Spedalieri,* 910 F.2d 707, 709 (10th Cir.1990); *Finley v. United States,* 839 F.Supp. 1484, 1489 (D.Kan.1993). The court must accept *Aronson* as controlling unless eviscerated by a later decision from the Tenth Circuit or the Supreme Court or nullified by statutory changes. Neither circumstance is present here. The defendant cites no decisions from the Tenth Circuit or the Supreme Court, and the court has found none, that overrule, modify, or even question the holding in *Aronson.* The Civil Rights Act of 1991 did not modify the version of § 626(d)(2) that the Tenth Circuit interpreted in *Aronson.* Consequently, the Tenth Circuit's rationale in *Aronson* is as applicable today as it was in 1992, that is, the ADEA allows for the EEOC to have concurrent jurisdiction with state agencies and does not require sequential filings as in 42 U.S.C. § 2000e–5(c). The plaintiffs' complaint evidences that their age discrimination charges were filed within 300 days of the discriminatory event. The court denies the defendant's motion for judgment on the pleadings on the plaintiffs' ADEA claims.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 7) the plaintiffs' § 1983 claims is granted without

prejudice to the plaintiffs' pending motion to amend;

IT IS FURTHER ORDERED that the defendant's motion for judgment on the pleadings (Dk. 7) on the plaintiffs' Title VII and ADEA claims is denied.