**David R. KIDWELL, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF SHAWNEE COUNTY, Defendant.**

No. 96–4112–SAC.

United States District Court, D. Kansas.

Sept. 30, 1997.

Brenda L. Head, Davis, Unrein, Hummer & Buck, L.L.P., Topeka, KS, for Plaintiff.

Larry G. Karns, Glenn, Cornish, Hanson & Karns, Chtd., Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This employment · discrimination case comes before the court on the defendant's motion to dismiss. (Dk. 12). The plaintiff filed pro se [1] his employment discrimination complaint on forms provided by the court. He alleges therein that the defendant discriminated against him on the basis of his race and disability in not allowing him to return to work, in not transferring him to another area free of smoke, and in not rehiring him after the Shawnee County "Jail became smoke free Nov. 1, 1994." (Dk. 1, p. 4). The defendant seeks dismissal arguing that the plaintiff did not timely file his discrimination charges with the Equal Employment Opportunity Commission ("E.E.O.C.").

Attached to the plaintiff's complaint is a · notice of charges dated March 8, 1996. The plaintiff alleges he filed the same on March 8, 1996. This verified notice alleges that the defendant did not grant the plaintiff's requests for transfer made between April of 1994 and July 8, 1994, that the defendant did not rehire him after his physician's release on November 1, 1994, and that he was constructively discharged on November 15, 1994. The plaintiff also attached the E.E.O.C.'s dismissal and notice of rights to suit. The notice gives as a reason for dismissal the plaintiff's failure to file timely charges with E.E.O.C.

The defendant argues in its motion and memorandum that the plaintiff failed to file his discrimination charges with the E.E.O.C. within 300 days after the alleged unlawful

1. After the complaint was filed, the court appointed counsel for the plaintiff.

employment practice, as required by 42 U.S.C. § 2000e–5(e). The defendant asserts that the charges filed March 8, 1996, are approximately 479 days after the plaintiff's termination on November 15, 1994.

In opposition, the plaintiff avers that on August 1, 1995, a charge letter from him was delivered by certified mail to the E.E.O.C. offices in Kansas City, Missouri, and that on August 3, 1995, a charge letter from him was delivered by certified mail to the E.E.O.C. offices in Kansas City, Kansas.[2] Relying on 29 C.F.R. § 1601.12(b), the plaintiff argues that his verified charges subsequently filed on March 8, 1996, resuscitated his charge letters that he filed earlier but which were not verified.

In reply, the defendant alleges that the E.E.O.C. has no record of having received the plaintiff's letters of August of 1995. The defendant argues that the plaintiff has no proof of sending such letters other than his own statement. The defendant also contests whether these letters qualify as charges of discrimination, since they were not authenticated or verified. Lastly, the defendant argues for the first time that the correct filing period is 180 days, not 300 days, as the plaintiff did not send any charges to the authorized state agency.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the com-

plaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■■■ Title VII[3] offers "'an integrated, multistep procedure'" commencing with the employee filing a discrimination charge with the E.E.O.C. *E.E.O.C. v. Shell Oil Co.,* 466 U.S. 54, 62, 104 S.Ct. 1621, 1627–28, 80 L.Ed.2d 41 (1984) (quoting *Occidental Life Insurance Co. v. E.E.O.C.,* 432 U.S. 355, 359, 97 S.Ct. 2447, 2451, 53 L.Ed.2d 402 (1977)). The timely filing of charges "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *see Million v. Frank,* 47 F.3d 385, 389 (10th Cir.1995) (Compliance with Title VII filing requirements is a condition precedent to suit). "The burden rests with a plaintiff employee to prove this condition precedent when the defendant employer specifically denies that the condition has been fulfilled." *Morris v. State of Kansas Dept. Of Revenue,* 849 F.Supp. 1421, 1427 (D.Kan.1994) (citations omitted).

Framed by the defendant's motion to dismiss, the issue is whether the plaintiff will be able to prove a set of facts consistent with his allegations from which one could reasonably conclude that the plaintiff timely filed his charges on one or more of the alleged unlawful employment practice. Based on the arguments and evidence attached to the plaintiff's memorandum, the court denies the defendant's motion to dismiss.

■■■ The defendant is correct that a complainant generally must file charges with the

---

**2.** In the August charge letters, the plaintiff alleges that he developed health problems in 1990 to 1991 and that the defendant refused to accommodate him with a transfer to an area free of smoke. The plaintiff also writes that his continuing exposure to smoke caused additional health problems requiring a medical leave from work beginning in July of 1994. The plaintiff also alleges he was denied the right to return to work

after "the jail became smoke free on November 1, 1994" and after he was medically released to return to work. He concludes that he had "been discriminated against because of ... [his] disability." (Dk. 14, Ex. A).

**3.** Title I of the Americans with Disabilities Act adopts the procedures of Title VII. 42 U.S.C. § 12117(a).

E.E.O.C. within 180 days of the discriminatory practice unless the complainant first files charges with a state or local agency having the authority to compel relief from the charged practice which then extends the filing period to 300 days. *E.E.O.C. v. Commercial Office Products Co.,* 486 U.S. 107, 110, 108 S.Ct. 1666, 1668–69, 100 L.Ed.2d 96 (1988). The defendant overlooks, however, the terms of the typical worksharing agreement between a deferral state, like Kansas, and the E.E.O.C. and the manner in which those terms have been interpreted and applied by current case law. Suffice it to say, in a deferral state, " 'a Title VII claimant must file his discrimination charge with the appropriate state or local agency, *or* with the E.E.O.C., *within 300 days* of the alleged unlawful act.' " *Morris v. State of Kansas Dept. of Revenue,* 849 F.Supp. at 1428 (quoting *Peterson v. City of Wichita, Kan.,* 888 F.2d 1307, 1308 (10th Cir.1989), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2173, 109 L.Ed.2d 502 (1990)).[4]

▮▮▮ Assuming that the plaintiff did file his August 1995 letters with the E.E.O.C., the plaintiff's verified charge in March 1996 "would relate back to amend the deficiency in his" earlier filing. *Peterson v. City of Wichita, Kan.,* 888 F.2d at 1308 (apply 29 C.F.R. § 1601.12(b)). At this juncture, the plaintiff's affidavit and return receipts from his August 1995 letters are enough to show that the E.E.O.C. received the letters. The defendant's bare allegation that the E.E.O.C. does not have copies of the plaintiff's letters in its files is not an adequate basis on which to grant the motion to dismiss. While these letters do not contain all the matters required by 29 C.F.R. § 1601.12(a), they are sufficient under the terms of paragraph (b), which reads in relevant part: "Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the

charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."

If the plaintiff proves that the E.E.O.C. did receive his August 1995 letters, then he has timely filed his charges as to all unlawful employment practices alleged to have occurred in November 1994. In its motion, the defendant does not contend that any of the alleged discriminatory events occurred more than 300 days before August 1, 1995. The defendant is not entitled to dismissal of the plaintiff's ADA or Title VII claims on the arguments as presented.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 12) is denied.

---

4. In *Morris,* the court explains that the worksharing agreements typically include provisions whereby the E.E.O.C. and the state agency designate each other as an agent for receiving charges. Consequently, "[i]n a deferral state, like Kansas, a claimant may either file the charges directly with the state agency or file them with E.E.O.C. and rely on the E.E.O.C. to refer them to the proper state agency." *Schmitt v. Beverly Health and Rehabilitation Services,* 962 F.Supp. 1379, 1383 (D.Kan.1997) (citations omitted). The agreements also typically provide that the state agency waives immediately its exclusive 60–day jurisdiction to the E.E.O.C. to process all charges filed more than six months, but less than 300 days, after the alleged unlawful employment practice. 849 F.Supp. at 1428.