Thomas F. **CARNEY**, Delbert D. Nicholas and John Wells, Plaintiffs,

v.

THE CITY OF SHAWNEE, KANSAS, Defendant.

Civil Action No. 98–2019–EEO.

United States District Court, D. Kansas.

Oct. 9, 1998.

Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Thomas F. Carney, Delbert D. Nicholas, John Wells, plaintiffs.

M. Ellis Rainey, II, Rainey, Byrum & Rainey, Overland Park, KS, for City of Shawnee, Kansas, defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the following motions: Plaintiffs' Renewed Motion to Amend Their Complaint (Doc. # 29); and Defendant's Motion for Summary Judgment on Count II of the Complaint (Doc. # 4). Both motions are now ready for ruling. For the reasons set forth below, plaintiffs' motion to amend their complaint is granted, and defendant's motion for partial summary judgment is granted in part and denied in part.

### I. Plaintiffs' Motion to Amend Their Complaint.

Plaintiffs have filed a motion seeking permission to amend their complaint to "clarif[y] the plaintiffs' claim for deprivation of constitutional rights under the First and Fourteenth Amendment[s] of the United States Constitution." Plaintiffs' Memorandum in Support at 1. Defendant has filed no response in opposition. Accordingly, we grant as uncontested plaintiffs' motion seeking leave to amend. D. Kan. Rule 7.4.

1. The third plaintiff, Delbert D. Nichols, does not assert a claim in Count II of the complaint or the

### II. Defendant's Motion for Summary Judgment on Count II of the Complaint.

Plaintiffs are police officers for the City of Shawnee, Kansas. Plaintiffs allege in the second amended complaint that they were subjected to sexual harassment by a supervisor who made unwelcome homosexual advances. They seek relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, the Civil Rights Act of 1866, 42 U.S.C. § 1983, and the Kansas Act Against Discrimination, K.S.A. § 44–1001 et seq. Defendant contends it is entitled to summary judgment on Count II because: (1) plaintiffs did not file a complaint within ninety days after they received right to sue letters from the Equal Employment Opportunity Commission ("EEOC"); and (2) plaintiffs have not stated a substantive cause of action under section 1983.

### A. Factual Background.

The following material facts are uncontroverted pursuant to Federal Rule of Civil Procedure 56 and District of Kansas Rule 56.1.

Plaintiffs Thomas F. Carney and John Wells filed charges of retaliation and failure to promote with the EEOC. On September 3, 1997, the EEOC dismissed these charges. On January 13, 1998, plaintiffs Carney and Wells filed this action, alleging in Count II of their complaint claims of retaliation and failure to promote.[1]

### B. Standards for Summary Judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is

second amended complaint.

"material" only if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. Watonga*, 942 F.2d 737, 743 (10th Cir.1991). Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505. An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *Id.* at 252, 477 U.S. 242.

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. *Applied Genetics*, 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Cona-*

*way v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D. Kan. Rule 56.1.

### C. *Discussion.*

#### 1. *Title VII.*

■ If the EEOC dismisses a discrimination charge, the complainant must bring suit within ninety days of receiving a right to sue letter pursuant to 42 U.S.C. § 2000e–2(a)(1). *See Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1265 (10th Cir. 1996). The ninety-day rule is not jurisdictional, but rather is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 1267 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). In this case, the plaintiffs do not dispute that on September 3, 1997, the EEOC sent a right to sue letter to each plaintiff. The plaintiffs, however, did not institute this action until January 13, 1998, well over ninety days after the EEOC right to sue letters were presumably received.[2]

■ In support of summary judgment on Count II of the second amended complaint, defendant argues that plaintiffs failed to bring suit within ninety days of receiving their right to sue letters. Plaintiffs contend that they received conflicting advice in communications with the EEOC, which constitutes active deception and entitles them to equitable tolling. The Tenth Circuit allows equitable tolling in a Title VII action "*only if* there has been 'active deception'" or if the complainant has been "'lulled into inaction' in any way that rises to the active deception

---

2. "The 90–day period for filing suit generally commences on the date the complainant actually receives the EEOC right to sue notice." *Biester*, 77 F.3d at 1267 (citing *Williams v. Southern Union Gas Co.*, 529 F.2d 483, 487 (10th Cir. 1976)). Here, it is unclear on which day the plaintiffs actually received their letters. The

plaintiffs make no argument that their letters were received beyond a reasonable time. Therefore, we will assume the letters arrived within five days of mailing. *See Witt v. Roadway Express*, 136 F.3d 1424, 1429–30 (10th Cir.1998) (citations omitted).

standard." *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1481 (10th Cir.1988).

Plaintiffs contend they are entitled to equitable tolling because their attorney was actively misled by correspondence with an EEOC investigator, Rick Thomas. On August 18, 1997, Mr. Thomas wrote a letter to plaintiffs informing them that he had finished his review of their retaliation claims. It states in pertinent part:

> You will shortly receive a dismissal letter which will explain that you have *90 days from receipt of that letter* to file a lawsuit in federal court if you wish to proceed further.... Be certain to provide the Right–to–Sue documents you receive to your attorney immediately upon receipt. On that note, be advised I have not yet received a notice of representation from your present attorney...

Plaintiffs' Response, Exhibit A. On September 3, 1997, the EEOC issued plaintiffs' notices of right to sue. On September 10, 1997, plaintiffs' attorney sent Mr. Thomas a letter, requesting that the right to sue letters for all charges be sent directly to him. Plaintiffs' attorney never received a copy of the right to sue letters.

There is no dispute that plaintiffs had actual notice of the ninety-day rule. As mentioned above, the August 18, 1997 letter specifically stated that plaintiffs had ninety days in which to file a civil action upon receipt of the right to sue letter and that they should give that letter to their counsel "immediately." The September 3, 1997 right to sue letter itself states: "[i]f you decide to sue, you must sue *WITHIN 90 DAYS* from your receipt of this Notice; otherwise your right to sue is lost." Defendant's Memorandum in Support, Exhibits B & D.

Courts have allowed equitable tolling where the right to sue letter is ambiguous. *See, e.g., Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984). That is not the case here, however. Each of these letters is unambiguous and makes perfectly clear that plaintiffs had only ninety days in which to bring suit on their Title VII claims. *See Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 839 (10th Cir.1979) ("If in fact plaintiff was subjectively misled to believe that he could ignore the ninety day period, such a response was not reasonably predictable from the face of the notice and cannot be grounds for tolling the filing period.") (citing *Melendez v. Singer–Friden Corp.*, 529 F.2d 321 (10th Cir. 1976)).

Plaintiffs' attorney states in his affidavit that the EEOC never timely advised him of the September 3, 1997 right to sue letters, nor provided him with copies. To the extent that plaintiffs argue that this failure constitutes grounds for equitable tolling, they are mistaken. The fact that "the EEOC violated its own regulations by failing to send a copy of the right to sue letter to Mr. Biester's attorney ... do[es] not constitute the 'extraordinary' circumstances necessary to justify equitable tolling under established Tenth Circuit precedent." *Biester*, 77 F.3d at 1269 n. 2. Indeed, "[t]he Complainant shall at all times be responsible for proceeding with the complaint whether or not he or she has designated a representative." 29 C.F.R. 1614.605(e) (1998).

Plaintiffs further maintain that they delayed filing their complaint "in the pursuit of judicial economy." Plaintiffs' Response at 4–5. They state they waited to file until the Supreme Court of the United States ruled on the validity of same-sex Title VII claims. The Supreme Court, however, decided *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 118 S.Ct. 998 , 140 L.Ed.2d 201(1998), almost two months *after* plaintiffs filed suit on January 13, 1998. Thus, plaintiffs' excuse is unpersuasive.

■ Finally, as an alternative to the equitable tolling argument, plaintiffs assert that they need not exhaust their administrative remedies as to their retaliation and failure to promote claims, because such claims are "reasonably related" to the claims contained in their underlying EEOC charge of sexual harassment. *Brown v. Hartshorne Pub. Sch. Dist. # 1*, 864 F.2d 680, 682 (10th Cir.1988) (quoting *Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973)). We find the exception articulated in *Brown*, however, does not apply to Carney and Wells, because they chose to treat their retaliation and failure to promote claims as separate and distinct claims from their underlying claims of sexual harassment.

Plaintiffs each filed a separate formal complaint with the EEOC alleging retaliation and failure to promote. As a consequence, they treated their claims as distinct from the underlying sexual harassment claim. This court is obliged to do the same. *See Mosley v. Pena,* 100 F.3d 1515, 1518–19 (10th Cir. 1996). Under the circumstances, we find plaintiffs were required to exhaust their administrative remedies. Accordingly, defendant's motion for summary judgment with respect to plaintiffs' claims of retaliation and failure to promote under Title VII is granted.

### 2. *42 U.S.C. § 1983.*

Defendant moves for summary judgment on plaintiffs' section 1983 claim on the ground that plaintiffs have failed to state a substantive cause of action. Specifically, defendant argues that a section 1983 claim is only "independent" from the rights created by Title VII when the basis for the claim rests on substantive rights set forth in provisions outside Title VII. Plaintiffs acknowledge that a retaliation claim based solely on violation of Title VII and on no other constitutional or federal statutory provision is not cognizable under section 1983. Plaintiffs attempt to cure defendant's objection by filing an amended complaint.

Although defendant's argument is raised in the context of a motion for summary judgment, defendant essentially contends that plaintiffs have failed to state a claim under section 1983. Rule 8(a) of the Federal Rules of Civil Procedure merely requires that a pleading, which sets forth a claim for relief, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In these circumstances, the court must view all reasonable inferences in favor of the plaintiffs and the pleadings must be liberally construed. *See Swanson v. Bixler* 750 F.2d 810, 813 (10th Cir.1984). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

 Unlike Title VII, section 1983 does not create substantive rights, but rather creates a remedy for violations of federal and constitutional rights. *See Tafoya v. Adams,* 816 F.2d 555, 558 n. 5 (10th Cir.1987) (citing *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 616–18, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979)). If a plaintiff, however, can prove a federal or constitutional violation, then the plaintiff has a cause of action under section 1983, as well as under Title VII. *See Starrett v. Wadley,* 876 F.2d 808, 814 (10th Cir.1989) (citations omitted). "Under § 1983, the ultimate inquiry is whether the sexual harassment constitutes intentional discrimination as opposed to Title VII's inquiry into whether the harassment altered the conditions of the victim's employment." *Huffman v. City of Prairie Village, Kan.,* 980 F.Supp. 1192, 1205 (D.Kan.1997). Here, plaintiffs allege in their second amended complaint that defendant violated both their First Amendment right to free speech and their Fourteenth Amendment right to equal protection of the law.

 First, defendant argues that "the speech identified by the Plaintiffs is not entitled to First Amendment protection." Defendant's Responsive Memorandum at 6. In response, plaintiffs contend that defendant violated their First Amendment right of free speech,[3] which constitutes a substantive cause of action under section 1983 because the speech was a matter of public concern. In *Connick v. Myers,* the Supreme Court established a two-part test for analyzing the First Amendment right of public employees. 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Courts must decide (1) whether the plaintiffs' statements constitute "speech on a matter of public concern," and (2) whether the plaintiffs' interests "as [ ] citizen[s], in commenting upon matters of public concern" outweigh the "interests of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* at 142, 146, 103 S.Ct. 1684; *see Starrett,* 876 F.2d at 815. "Whether an employee's speech has protected status is an

---

**3.** The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech."

inquiry 'of law, not fact.' " *Starrett*, 876 F.2d at 816 (quoting *Connick*, 461 U.S. at 148 n. 7, 103 S.Ct. 1684).

█ Plaintiffs allege in the second amended complaint that they complained both "internally and publicly" about being subjected to sexual discrimination and retaliation. They further allege that these complaints constitute matters of public interest. Defendant maintains, however, that plaintiffs' complaints are personal grievances and not matters of public concern. Statements are matters of public concern if they can be "fairly considered as relating to any matter of political, social or other concern to the community." *Connick*, 461 U.S. at 146, 103 S.Ct. 1684. Courts have centered on the motive and intent of the speaker to determine this question. *See Conaway*, 853 F.2d at 796.

Defendant contends that because plaintiffs' speech concerned personal grievances it was not entitled to First Amendment protection. The Tenth Circuit, however, stated in *Woodward v. City of Worland* that "even speech that focuses on internal employment conditions and is made in the context of a personal dispute may be regarded as pertaining to a matter of public concern if it addresses important constitutional rights which society at large has an interest in protecting." 977 F.2d 1392, 1404 (10th Cir.1992).

Upon review of plaintiffs' charges of retaliation and failure to promote, we conclude that they spoke primarily as employees rather than as citizens. In the plaintiffs' internal and public statements, both complained of being personally subjected to retaliation because of their sexual discrimination charges. Neither, however, stated that other officers were being subjected to similar discrimination or retaliation. Nor did either state that discrimination or retaliation "interfered with the [Shawnee Police] Department's performance of its governmental responsibilities." *David v. City & County of Denver*, 101 F.3d 1344, 1356 (10th Cir.1996). Therefore, plaintiffs' statements, made both internally and publicly, do not constitute "speech on a mat-

ter of public concern" under the *Connick* test. Accordingly, defendant is entitled to summary judgment on plaintiffs' section 1983 claim alleging violation of the First Amendment.[4]

█ Second, defendant argues that a Title VII claim of retaliation does not constitute a separate cause of action under section 1983. Plaintiffs, however, allege in the second amended complaint that defendant violated their Fourteenth Amendment right to equal protection of the law,[5] which constitutes a substantive cause of action under section 1983. The Tenth Circuit has held that sexual harassment can violate the Fourteenth Amendment right to equal protection of the laws. *See Starrett*, 876 F.2d at 814 (citing other circuits that have so held). *See also Huffman*, 980 F.Supp. at 1205 ("Sexual harassment, a form of sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, is actionable under § 1983."). Because plaintiffs have asserted a sexual discrimination claim in the second amended complaint, they may also maintain a section 1983 claim alleging violation of the Fourteenth Amendment. Accordingly, defendant's motion for summary judgment on this issue is denied.

IT IS THEREFORE ORDERED that plaintiffs' motion to amend their complaint (Doc. # 29) is granted.

IT IS FURTHER ORDERED that defendant's motion for summary judgment on Count II (Doc. # 4) is granted as to plaintiffs' Title VII claim for retaliation and failure to promote, and is granted as to plaintiffs' section 1983 claim alleging violation of the First Amendment. The motion is denied as to plaintiffs' section 1983 claim alleging violation of the Fourteenth Amendment.

---

**4.** Because plaintiffs' statements do not constitute "speech on a matter of public concern," we need not consider the second prong of the *Connick* test.

**5.** The Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws."