**Arthur J. GALLARDO, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS, KEARNY COUNTY, KANSAS, et al., Defendants.**

**No. 94–4064–SAC.**

United States District Court, D. Kansas.

June 13, 1994.

---

Michael B. Myers, Myers & Myers, Topeka, KS, for plaintiff.

Grant M. Glenn, Topeka, KS, Jane A. Deterding, Woner, Glenn, Reeder, Lowry & Girard, Wichita, KS, for Darrell L. Walters.

Todd N. Tedesco, Rupe & Girard Law Offices, P.A., Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the motion of the defendants Board of County Commissioners, Kearny County, Kansas; James F. Jarboe, Jr.; Raymond C. Morgan; David G. Horner; Darrell L. Walters; and Dennis C. Jones; in their official capacities, for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dk. 4). The plaintiff, Arthur J. Gallardo, is a male of Hispanic descent who worked as a deputy for the Kearny County Sheriff's Department from approximately January of 1985 to February of 1993. The plaintiff, *inter alia*, alleges that the defendants harassed, discriminated, retaliated and terminated him because of his national origin and race and because of his and his wife's protected activities.

The defendants argue the plaintiff has not stated a claim under 42 U.S.C. § 1981 or § 1983 upon which relief can be granted against Kearny County. The defendants point out that the plaintiff's complaint does not allege any action taken by the Board of County Commissioners for Kearny County. The defendants, therefore, assume the plaintiff improperly rests his civil rights claims on a respondeat superior theory. In response, the plaintiff insists his complaint alleges that his § 1981 and § 1983 claims are based on the intentional actions of all defendants, including the Board of County Commissioners for Kearny County. The plaintiff calls the defendants' arguments on respondeat superior liability "specious."

After the pleadings have closed, a party can move for judgment on the pleadings raising the defense of failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(h)(2); *see St. Paul Ramsey County Medical Center v. Pennington County,* 857 F.2d 1185, 1187 (8th Cir.1985). In deciding the Rule 12(c) motion, the district court employs the same standards governing a Rule 12(b)(6) motion to dismiss. *United States v. Wood,* 925 F.2d 1580 (7th Cir.1991); *St. Paul Ramsey County Medical Center,* 857 F.2d at 1187. Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40

L.Ed.2d 90 (1974); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted).

■ Municipalities are "persons" that can be sued under 42 U.S.C. § 1983; however, there is no respondeat superior liability for a municipality under § 1983. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). This rule encompasses "'other local governmental entities' such as counties." *Sauers v. Salt Lake County,* 1 F.3d 1122, 1129 (10th Cir.1993). Local governmental liability exists only for those injuries caused by the execution of official policies or customs. *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1202–03, 103 L.Ed.2d 412 (1989). " '[A] municipality is liable for the acts of its "final policymaking authority" and may also be liable for the actions of an employee who is not a final policymaking authority if a widespread practice exists to the end that there is a "custom or usage with the force of law." ' " *Sauers* 1 F.3d at 1129 (quoting *Butcher v. City of McAlester,* 956 F.2d 973, 977 n. 2 (10th Cir. 1992)). The Tenth Circuit has recognized that employment decisions by an individual who has been delegated the authority to set employment policy could give rise to municipal liability. *Sauers,* 1 F.3d at 1129; *Starrett v. Wadley,* 876 F.2d 808, 818–19 (10th Cir.1989); *Ware v. Unified School Dist. 492, Butler County, Kansas,* 881 F.2d 906, 913 (10th Cir.1989), *modified in part,* 902 F.2d 815 (10th Cir.1990). Even if the actions do not amount to a policy, municipal liability may still arise if the actions are such a widespread and persistent practice in the department that they constitute a custom of the municipality. *Sauers,* 1 F.3d at 1129; *Starrett,* 876 F.2d at 821.

■ Not unlike § 1983, a municipality is not liable under § 1981 on a simple theory of respondeat superior. *Allen v. City of Chicago,* 828 F.Supp. 543, 561 (N.D.Ill.1993). In *Jett v. Dallas Independent School District,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the Supreme Court held that § 1983:

> provides for the exclusive federal damages remedy for the violation of the rights guaranteed by 1981 when the claim is pressed against a state actor. Thus to prevail on [a] claim for damages against [a state actor, a plaintiff] must show that the violation of his "right to make contracts" protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases.

*Id.* at 735, 109 S.Ct. at 2723. Mindful of the Civil Rights Act of 1991 and its applicability to this case, the court must consider whether the Act affects the viability of *Jett.*

The Civil Rights of 1991 amended § 1981 clarifying that "[t]he rights protected by [§ 1981] are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). In effect, this amendment overrules the conclusion in *Jett,* 491 U.S. at 733, 109 S.Ct. at 2722, that "§ 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state" actors. *See Morris v. State of Kansas,* 849 F.Supp. 1421, 1426 (D.Kan.1994); *Arnett v. Davis County School District,* No. 92–C–988W, 1993 WL 434053 at *5, 1993 U.S.Dist. LEXIS 19088 at *16 (D.Utah Apr. 5, 1993); *Ford v. City of Rockford,* No. 88–C–20323, 1992 WL 309603, 1992 U.S.Dist. LEXIS 15825 (N.D.Ill. Oct. 15, 1992).

■ What effect this amendment will have on municipal liability under § 1981 is unclear and not addressed by the parties. It appears to be an issue of first impression, although at least two courts have applied *Jett* without discussing the effect of this amendment. *See, e.g., Allen v. City of Chicago,* 828 F.Supp. at 560–61; *Williams–Guice v. Board of Education of the City of Chicago,* No. 92–C–7904, 1994 WL 30584, 1994 U.S.Dist. LEXIS 944 (N.D.Ill. Feb. 1, 1994). Still, neither the amendment itself nor the legislative history to § 1981(c) suggests that Congress intended to impose vicarious liability against a municipality. Congress is pre-

sumed to act with knowledge of the *Jett* and *Monell* decisions. Consequently, when it added to § 1981 discrimination "under color of State law," language borrowed from § 1983, Congress presumably intended to borrow also the rules of municipal liability under § 1983. Indeed, Congress made no attempt in the amendment to differentiate municipal liability under § 1981 from § 1983.

The Supreme Court recently rejected a heightened pleading requirement for municipal liability that was more stringent than the general notice requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517, 522 (1993). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1216 at 154–59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Co.,* 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging detailed facts that establish her right to judgment. *Trevino v. Union Pacific R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990). But, it still requires minimal factual allegations on those material elements that must be proved to recover. *See Hall v. Bellmon,* 935 F.2d at 1110.

After perusing the plaintiff's complaint, the court finds no allegations that the Board of County Commissioners for Kearny County took final policymaking action against the plaintiff. The allegation at paragraph seventeen that the Board "controlled all aspects of decisions to hire, fire, disciple (sic) and/or promote plaintiff" is too general and does not offer fair notice of what action the Board is alleged to have taken. For that matter, allegations referring to the defendants as a group, such as, "the defendants failed and refused to provide the plaintiff 'back up,'" or "suspension of employment by the defendants" also do not disclose how the Board, as the policymaking body for Kearny County, was involved. The plaintiff points to nothing in the complaint that alleges he suffered a constitutional violation or discriminatory treatment by reason of action taken pursuant to an official policy or custom. The plaintiff's complaint fails to state § 1981 and § 1983 claims upon which relief can be granted against Kearny County.

As stated above, the court decides a Rule 12(c) motion employing the same standards that govern Rule 12(b)(6) motions. On 12(b)(6) motions, courts typically allow a plaintiff leave to amend his complaint in order to cure the defective pleading. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 360–64 (1990). On 12(c) motions, courts may grant leave to amend and "may dismiss causes of action rather than grant judgment." *Moran v. Peralta Community College Dist.,* 825 F.Supp. 891, 893 (N.D.Cal. 1993) (citing *Amersbach v. City of Cleveland,* 598 F.2d 1033, 1038 (6th Cir.1979)). Uncertain of whether the plaintiff can cure the pleading deficiencies, the court will dismiss § 1981 and § 1983 claims against the defendant Board and the individual defendants in their official capacities, but the court will give the plaintiff leave to file an amended complaint as to these same claims within fifteen days of this order.

IT IS THEREFORE ORDERED that the defendants' motion (Dk. 4) is granted to the extent that the plaintiff's § 1981 and § 1983 claims are dismissed against the defendant Board of County Commissioners, Kearny County, Kansas, and against the individual defendants in their official capacities;

IT IS FURTHER ORDERED that the plaintiff is allowed fifteen days to file an amended complaint as to his § 1981 and § 1983 claims.