**Bernard STEWART, Plaintiff,**

v.

**BOARD OF COMMISSIONERS FOR SHAWNEE COUNTY, KANSAS, Defendant.**

**No.  00–4163–JAR.**

United States District Court, D. Kansas.

July 14, 2003.

Deborah J. Blakely, Gene P. Graham, Jr., Mary E. Compton, White, Allinder, Graham & Buckley LLC, Independence, MO, for plaintiff.

Ron D. Martinek, Parker & Hay, LLP, Topeka, KS, for defendant.

*MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT*

ROBINSON, District Judge.

This matter comes before the Court on Defendant Shawnee County Board of Com-

missioners' ("the County") Motion to Dismiss For Failure to State a Claim (Doc. 153). Plaintiff Bernard Stewart has responded and has also filed a Motion to Amend Complaint (Doc. 159), to which the County objects. For the reasons set forth below, the Court denies the County's motion to dismiss and grants plaintiff's motion to amend complaint.

## Background

Plaintiff sought relief under 42 U.S.C. § 1981 for racial discrimination in failure to promote plaintiff to three positions, for disparate pay and other conditions of employment, and for a hostile work environment. On September 5, 2002, this Court entered an order granting in part and denying in part the County's motion for summary judgment (Doc. 130). Specifically, the Court granted the County's motion as to plaintiff's claims for disparate pay, hostile work environment and failure to promote to Recyclable Materials. Plaintiff's claims for failure to promote to Golf Course Maintenance II and failure to promote to Park Maintenance II survived summary judgment, and trial was set to begin on May 5, 2003.

On April 21, 2003, the County filed a Motion for Determination of Issue of Law (Doc. 148) followed by a Rule 12(h) Motion to Dismiss for Failure to State a Claim, raising for the first time the issue of whether 42 U.S.C. § 1983 provides the exclusive remedy for pursuing damages against a state actor for claims arising under § 1981. As a result of these motions, the trial date was postponed to a date uncertain and plaintiff was ordered to respond to the County's motion to dismiss within 30 days. The Court requested the plaintiff address the following issues: 1) the timeliness of the County's Rule 12(h) motion; 2) whether § 1983 provides the exclusive remedy for § 1981 claims of discrimi-

nation against the County; and 3) whether plaintiff should be granted leave to amend his petition to include a claim under § 1983. Plaintiff has so responded.

## Discussion

### 1. Timeliness of Rule 12(h)(2) motion to dismiss

Fed.R.Civ.P. 12(h) provides that a Rule 12(b) motion to dismiss may be "made in any pleading . . ., or by motion for judgment on the pleading, or at the trial on the merits." "In other words, a defense of dismissal is waived only when presented after trial." [1] The County's motion was timely.

### 2. Does § 1983 provide the exclusive remedy for § 1981 claims against the County?

The County moves to dismiss plaintiff's remaining claims under § 1981 on the grounds that § 1983 provides the exclusive remedy for claims against a county, citing *Burns v. Board of County Commissioners of Jackson County.*[2] In *Burns,* Judge Crow overruled two previous decisions finding that § 1981 claims are viable against a local government entity.[3] On June 3, 2003, after the parties' briefs were filed on this issue, the Tenth Circuit affirmed the *Burns* decision without deciding the issue, while recognizing a split in the circuits.[4]

In *Jett v. Dallas Indep. Sch. Dist.,*[5] the Supreme Court ruled that "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides for the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." In spite of this clear language, some courts have found that the Civil

---

1. *Mann v. Hutchinson Public Schools,* 202 F.3d 282, 1999 WL 1092594 (10th Cir.1999) (citing *Weatherhead v. Globe Int'l., Inc.,* 832 F.2d 1226, 1228 (10th Cir.1987)); *see also Moodie v. Federal Reserve Bank of New York,* 861 F.Supp. 10, 13 (S.D.N.Y.1994) (Rule 12(b)(6) motion not waived even if not made until the eve of retrial after the first trial was declared a nullity, as long as it is filed before any merits determination is made on plaintiff's claim).

2. 197 F.Supp.2d 1278, 1296 (D.Kan.2002).

3. *Morris v. State of Kan. Dept. of Revenue,* 849 F.Supp. 1421, 1426 (1994); *Gallardo v. Board of County Comm'rs, Kearny County Kansas,* 857 F.Supp. 783, 786 (1994).

4. 330 F.3d 1275, 1288 n. 10 (10th Cir.2003).

5. 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

Rights Act of 1991 overruled *Jett.*[6] The 1991 Act amended § 1981 by adding subsection (c), which expressly provided recovery for violations of § 1981(a) "under color of state law." [7] Other courts have held that Congress never intended to overrule *Jett* by adding subsection (c), including Judge Crow in *Burns* and Judge Lungstrum in *Sims v. Unified Government of Wyandotte County/Kansas City, Kan.*[8] The Court joins Judge Crow and Judge Lungstrum in finding this second line of cases to be more persuasive, and adopts the view that *Jett's* holding, to the effect that § 1983 provides the exclusive remedy for pursuing damages against a state actor for claims arising under § 1981, remains valid.

### 3. Leave to amend

Thus, the question becomes whether plaintiff should be granted leave to amend his complaint to clarify that he is pursuing his remaining § 1981 claims solely through the remedies provided by § 1983. Fed.R.Civ.P. 15(a) governs the amendment of pleadings. Because of the advanced stage of the litigation in this case, the second sentence of Rule 15(a) applies, which contemplates that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." [9] Thus, mo-

tions to amend are matters of discretion for the trial court.[10] The Tenth Circuit has offered guidance by listing factors for courts to consider, such as futility of the amendment, a showing of undue delay, undue prejudice to the non-moving party, or bad faith of the moving party.[11]

The County argues that plaintiff's proposed amendment to assert a § 1983 claim is futile because the claim is legally defective on its face due to plaintiff's failure to identify any policy or custom of the County which purportedly caused plaintiff's injury. "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." [12] The court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted.[13] "Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." [14]

The court will dismiss a cause of action under Rule 12(b)(6) only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief,[15] or when an issue of law is dispositive.[16] The court accepts as true all well-pleaded facts, as distinguished from concluso-

---

**6.** *See Fed'n of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1214 (9th Cir.1996) (holding that § 1981, as amended in 1991, "contains an implied cause of action against state actors, thereby overturning *Jett's* holding that 42 U.S.C. § 1983 provides the exclusive federal remedy against state actors for the violation of rights under 42 U.S.C. § 1981").

**7.** Section 1981(c) states: "The rights protected against impairment by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

**8.** 120 F.Supp.2d 938, 953 (D.Kan.2000); *see Oden v. Oktibbeha County,* 246 F.3d 458, 462–64 (5th Cir.), *cert. denied* 534 U.S. 948, 122 S.Ct. 341, 151 L.Ed.2d 258 (2001) (concluding that *Jett* was not overruled by the 1991 amendments); *Butts v. County of Volusia,* 222 F.3d 891, 894 (11th Cir.2000) (same), and *Dennis v. County of Fairfax,* 55 F.3d 151, 156 n. 1 (4th Cir.1995) (same).

**9.** Fed.R.Civ.P. 15(a).

**10.** *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991).

**11.** *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993).

**12.** 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1487, at 637–43 & n. 23 (2d ed.1990).

**13.** *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir.1992); *Schepp v. Fremont County, Wyo.,* 900 F.2d 1448, 1451 (10th Cir.1990).

**14.** *Sheldon v. Vermonty,* 204 F.R.D. 679, 682 (D.Kan.2001).

**15.** *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998).

**16.** *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

ry allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff.[17] The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.[18]

Plaintiff seeks to amend his complaint to add a claim under § 1983, stating in relevant part:

27. Upon information and belief, Defendant has certain policies in place to prevent discriminatory treatment as alleged herein and to foster the inclusion and promotion of African Americans in its workforce.

28. Defendant, and its agents, have refused to comply with Defendant's stated policies and have denied Plaintiff promotions, opportunities and discrimination and interference with Plaintiff's right to make and enforce contracts as protected by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

29. The actions of Defendant and its agents in refusing to comply with Defendant's stated policies constitute a breach of Defendant's stated policies and demonstrates that the Defendant's actual policies are different from those stated and that the actions of Defendant and its agents demonstrate the true policy and practice of the Defendant that results in an official and/or de facto pattern and practice and/or custom of discrimination against African Americans and interference with and denial of Plaintiff's right to make and enforce contracts as guaranteed Plaintiff by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

30. The actions of Defendant and its agents constituted an official and/or de facto pattern and practice and/or custom of discriminating against African Americans in the promotion process and subjecting African Americans to disparate treatment in the promotion process in violation of the rights guaranteed Plaintiff by 42 U.S.C. § 1981m as amended by the Civil Rights Act of 1991.

The County contends that plaintiff merely alleges that actions of the County and its agents constituted an official pattern and practice, and that § 1983 requires a plaintiff to identify a specific policy or custom of the County. Plaintiff argues that his proposed amended complaint sets forth all elements necessary to state a cause of action under § 1983 and sufficiently puts the County on notice of the theories under which plaintiff seeks relief, and that the County's failure to carry out stated policies can demonstrate that its actual policies were different from the ones that had been announced. Plaintiff further argues that he should be allowed to conduct discovery to further identify and support the allegations contained in the proposed amended complaint.

■ The theory of *respondeat superior* will not sustain § 1983 liability against a local government; such liability arises only when an official policy or custom caused the violation of a federal right alleged in the complaint.[19] Consequently, to state a § 1983 claim against a county, the plaintiff must allege that the violation of his federal rights resulted from some official policy, ordinance or custom. The Supreme Court has rejected a heightened pleading requirement on § 1983 actions alleging municipal liability.[20] Claims against local governments need be only a short and plain statement showing that the plaintiff is entitled to relief.[21] It is sufficient

17. *Intercon, Inc. v. Bell Atlantic*, 205 F.3d 1244, 1247 (10th Cir.2000).

18. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

19. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

20. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

21. *Id.* at 167–69, 122 L.Ed.2d at 524.

for a plaintiff to make the bare allegation that the constitutional violation resulted from a certain official policy or custom.[22]

 Because the Supreme Court dictates caution, the Court finds that, under the Rule 12(b)(6) standards, dismissal of plaintiff's § 1983 claim against the County is premature. Accepting the allegations of plaintiff's complaint as true and affording him the benefit of all favorable factual inferences, the Court cannot say that plaintiff could prove no set of facts under which the County could be held liable. Accordingly, plaintiff is granted leave to amend his complaint to clarify that he is pursuing his remaining § 1981 claims solely through the remedies provided by § 1983, and the County's motion to dismiss is denied.

The Court notes that plaintiff's proposed Third Amended Complaint states claims under Title VII. These claims, which were brought in plaintiff's original complaint, were not included in the Pretrial Order entered September 28, 2002 (Doc. 108), nor were they litigated in the summary judgment proceedings. The pretrial order " 'measures the dimensions of the lawsuit, both in the trial court and on appeal.' "[23] "A pretrial order, ... is the result of a process in which counsel define the issues of fact and law to be decided at trial, and binds counsel to that definition."[24] There is no pending motion to amend the pretrial order, and plaintiff's failure to preserve the Title VII claim or issues precludes resurrection of those claims at this time. Accordingly, plaintiff's leave to amend his complaint shall be limited to assertion of the § 1983 claim to the failure to promote claims that survived summary judgment.

Because further discovery appears necessary, the Court directs Magistrate Judge O'Hara to conduct a supplemental scheduling conference to determine deadlines for discovery and dispositive motions as well as a new trial date.

**IT IS THEREFORE ORDERED BY THE COURT** that the County's Motion to Dismiss for Failure to State a Claim (Doc. 153) is DENIED; plaintiff's Motion to Amend Complaint (Doc. 159) shall be GRANTED as to plaintiff's § 1983 claims as set forth above.

**IT IS FURTHER ORDERED** that the Magistrate Judge shall conduct a scheduling conference to determine deadlines for discovery and dispositive matters as well as a new trial date.

IT IS SO ORDERED.

---

**22.** *Id.* at 164–66, 122 L.Ed.2d at 522.

**23.** *Hullman v. Board of Trustees of Pratt Community College,* 950 F.2d 665, 668 (10th Cir.1991) (quotations omitted).

**24.** *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.,* 835 F.2d 1306, 1308 (10th Cir. 1987).