**James L. BOLDEN, Plaintiff,**

v.

**The CITY OF TOPEKA, Defendant.**

**No. CIV.A. 02–2635–KHV.**

United States District Court,
D. Kansas.

May 25, 2004.

Bret D. Landrith, Topeka, KS, Ira Dennis Hawver, Ozawkie, KS, for Plaintiff.

Sherri L. Price, City of Topeka, Kansas—Legal Department, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

James L. Bolden brings suit against the City of Topeka, alleging that it violated 42 U.S.C. §§ 1981 and 1983. This matter comes before the Court on *Defendant's Motion For Summary Judgment* (Doc. # 78) filed February 27, 2004. For reasons stated below, the Court sustains defendant's motion in part.

### Factual Background

Plaintiff does not controvert any of defendant's facts. The following facts are therefore undisputed or deemed admitted.[1]

On July 11, 2001, plaintiff's company, JB Carpet & Upholstery Care, entered into a contract with the City of Topeka (the "City") to provide janitorial services for city offices at 515 S. Kansas Avenue. The contract provided that it would "remain in effect through July 2, 2002 or until canceled by either party with thirty (30) days written notice." On September 5, 2002, the parties entered into an addendum to the contract which extended the agreement through September 30, 2002 and provided that plaintiff's compensation would be adjusted based on the producer price index.

On November 21, 2002, the City notified plaintiff that it would retain his services at 515 S. Kansas Avenue only until December

---

1. All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party. *Vasquez v. Ybarra,* 150 F.Supp.2d 1157, 1160 (D.Kan.2001) (citing *Gullickson v. Southwest Airlines Pilots' Ass'n,* 87 F.3d 1176, 1183 (10th Cir.1996)); *see also* D. Kan. Rule 56.1.

31, 2002, effectively terminating the contract on that date.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. 2505.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics*, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. *Anderson*, 477 U.S. at 250–51, 106 S.Ct. 2505. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir.1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

### Analysis

Plaintiff claims that the City violated 42 U.S.C. §§ 1981 and 1983 when it did not renew his janitorial contract. Specifically, plaintiff claims that the City (1) discriminated against him on the basis of race in violation of Section 1981 when it canceled his janitorial contract; and (2) deprived him of his First Amendment right to free speech by retaliating against him, in violation of Section 1983. *Pretrial Order* (Doc. # 77) filed February 17, 2004 at 13–15. With regard to the latter claim, plaintiff contends that he spoke on a matter of public concern and that the City considered his expression as a factor in deciding to discontinue his janitorial contract. *Pretrial Order* (Doc. # 77) at 15. The City seeks summary judgment on plaintiff's claims, arguing that (1) Section 1981 provides no remedy against the City; and (2) the City has no custom or policy of depriving contractors of First Amendment rights of free speech by retaliation. *Memorandum In Support Of Defendant's Motion For Summary Judgment* (Doc. # 79) filed February 27, 2004.

█ Although plaintiff timely responded to the City's motion for summary judgment, he has not complied with D. Kan. Rule 56.1(b), which requires that (1) a memorandum in opposition contain a concise statement of material facts as to which the nonmovant contends a genuine issue exists, (2) each fact in dispute be numbered by paragraph and refer with particularity to the record, and (3) when the nonmovant relies on facts not in movant's memorandum, each additional fact be listed in a separately numbered paragraph, and supported by record references. Further, plaintiff's response contains scandalous accusations which are irrelevant and not supported by record evidence.[2] Under D. Kan. Rule 56.1(d),

> [a]ll facts on which a motion or opposition is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions. Affidavits or declarations shall be made on personal knowledge and by a person competent to testify to the facts stated which shall be admissible in evidence. Where facts referred to in an affidavit or declaration are contained in another document, such as a deposition, interrogatory answer, or admission, a copy of the relevant excerpt from the document shall be attached.

The Court therefore will not consider plaintiff's response or its attachments.

**2.** Plaintiff's response refers to 15 attachments which include affidavits and unauthenticated documents. The Court may only consider evidence whose content or substance is admissible. *See Conoco Inc. v. J.M. Huber,* 148 F.Supp.2d 1157, 1166 (D.Kan.2001); *see also Gross v. Burggraf Const. Co.,* 53 F.3d 1531, 1541 (10th Cir.1995). "Hearsay testimony that would be inadmissible at trial may not be included." *Conoco,* 148 F.Supp.2d at 1166. "A witness may not testify to a matter unless

The moving party nonetheless bears the initial burden of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *See Celotex,* 477 U.S. 317, 106 S.Ct. 2548. The burden shifts to the nonmoving party only if the summary judgment motion is properly supported. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160–61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (cited in *Reed v. Bennett,* 312 F.3d 1190, 1194 (10th Cir.2002)). The Court must "first examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and [that] the moving party is entitled to judgment as a matter of law." *Reed,* 312 F.3d at 1194 (citations omitted).

## I. 42 U.S.C. § 1981

█ Plaintiff contends that the City discriminated against him on the basis of race in violation Section 1981 when it canceled his janitorial contract. In pertinent part, Section 1981 provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The City seeks summary judgment, arguing that Section 1983 provides the exclusive remedy for plaintiff's claims. *Memorandum In Support Of Defendant's Motion For Summary Judgment* (Doc. # 79) filed February 27, 2004 at 6 (citing *Burns v. Bd. of County Comm'rs,* 197 F.Supp.2d 1278, 1296 (D.Kan.2002)). The Court agrees.

evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed.R.Evid. 602. Statements not based on personal knowledge must be disregarded. To survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient. *Murray v. City of Sapulpa,* 45 F.3d 1417, 1422 (10th Cir.1995).

In *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the Supreme Court ruled that "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." In the Civil Rights Act of 1991, however, Congress amended Section 1981 by adding subsection (c), which expressly provides that "[t]he rights protected against impairment by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). This language, which mirrors language in Section 1983, has led many courts to conclude that since Congress borrowed the language from Section 1983, Congress "presumably intended to borrow also the rules of municipal liability under § 1983," and find that the Civil Rights Act of 1991, 42 U.S.C. § 1981, overruled *Jett*. *Gallardo v. Bd. of County Comm'rs*, 857 F.Supp. 783, 787 (D.Kan.1994), *abrogated by Burns v. Bd. of Comm'rs of County of Jackson, Kan.*, 197 F.Supp.2d 1278, 1296 (D.Kan.2002); *see also Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir.1996) (as amended in 1991, Section 1981 contains implied cause of action against state actors, thereby overturning *Jett* ); *Robinson v. Town of Colonie*, 878 F.Supp. 387, 405 n. 13 (N.D.N.Y.1995) (Congress intended to overrule *Jett* ); *La Compania Ocho, Inc. v. U.S. Forest Serv.*, 874 F.Supp. 1242, 1250 (D.N.M.1995) (same); *Arnett v. Davis County Sch. Dist.*, No. 92–C–988W, 1993 WL 434053 at *5 n. 8 (D.Utah Apr.5, 1993) (same); *Ford v. City of Rockford*, No. 88–C20323, 1992 WL 309603 (N.D.Ill. Oct.15, 1992) (same).

Other courts in this district have held that in adding subsection (c), Congress never intended to overrule *Jett*. *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 663 (D.Kan.2003) (Judge Julie A. Robinson); *Burns v. Bd. of Comm'rs of County of Jackson*, 197 F.Supp.2d 1278, 1296 (D.Kan.2002) (Judge Sam A. Crow); *Sims v. Unified Gov't of Wyandotte County/Kan. City, Kan.*, 120 F.Supp.2d 938, 953 (D.Kan.2000)(Judge John W. Lungstrum); *see also Oden v. Oktibbeha County*, 246 F.3d 458, 462–64 (5th Cir.), *cert. denied* 534 U.S. 948, 122 S.Ct. 341, 151 L.Ed.2d 258 (2001) (*Jett* not overruled by 1991 amendments); *Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir.2000) (same); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 n. 1 (4th Cir. 1995) (same); *see also Wright v. N.C. Dep't of Corr.*, No. 1:99CV230, 2000 WL 683160, at *17 (M.D.N.C. March 17, 2000); *McPhaul v. Bd. of Comm'rs*, 976 F.Supp. 1190, 1192–93 (S.D.Ind.1997); *Johnakin v. City of Philadelphia*, No. 95–1588, 1996 WL 18821, at *3–4 (E.D.Pa. Jan.18, 1996) *Ebrahimi v. City of Huntsville*, 905 F.Supp. 993, 995 (N.D.Ala.1995) (*Jett* not overruled by subsection (c) of § 1981); *Johnson v. City of Fort Lauderdale*, 903 F.Supp. 1520, 1523 (S.D.Fl.1995) (Subsection(c) intended to codify *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), not create cause of action that did not previously exist). Of particular importance is the fact that "[a]t no time in either the official summaries or in floor debate surrounding the enactment of subsection(c) did any congressperson mention *Jett* or the scope of municipal liability under Section 1981." *Philippeaux v. N. Cent. Bronx Hosp.*, 871 F.Supp. 640, 655 (S.D.N.Y.1994). In fact, the legislative history of the Civil Rights Act of 1991 mentions subsection (c) only briefly, and states only that subsection(c) was added to reaffirm *Runyon*, 427 U.S. 160, 96 S.Ct. 2586, which held that Section 1981 applied to nongovernmental entities. *Id.* As many

courts have noted, it would be illogical to conclude that Congress overturned *Jett* by implication, while expressly codifying *Runyon*. See *Dennis*, 55 F.3d at 156; *Wright*, 2000 WL 683160, at *17; *McPhaul*, 976 F.Supp. at 1192–93; *Johnakin*, 1996 WL 18821, at *3–4; *Ebrahimi*, 905 F.Supp. at 995; *Johnson*, 903 F.Supp. at 1523.

■ The Court joins Judges Robinson, Crow and Lungstrum in finding that the latter line of cases persuasive. It finds that *Jett* remains good law, and that Section 1983 provides the exclusive remedy for damages against a state actor for claims which arise under Section 1981. The Court therefore grants the City's motion for summary judgment on plaintiff's Section 1981 claim.

## II. 42 U.S.C. § 1983

■ Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, ... subjects, or causes to be subjected, any citizen of the United States ... the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. Section 1983 does not itself create substantive rights; it merely affords relief to a plaintiff who has been deprived of a constitutional or federal statutory right by a person acting under color of state law. *Gallegos v. City & County of Denver*, 984 F.2d 358, 362 (10th Cir.1993). Section 1983 reaches only deliberate deprivations of federally protected rights, and does not impose liability for mere negligence. See *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). Therefore the City cannot be liable under a theory of respondeat superior. *Id.* On the other hand, if a policymaker is "deliberately indifferent" to constitutional violations by subordinates, the policymaker may be liable. Deliberate indifference is akin to recklessness—"a conscious acceptance of a known, serious risk." *Archuleta v. McShan*, 897 F.2d 495, 499 (10th Cir.1990). Recklessness is generally regarded as satisfying the scienter requirement of Section 1983 because it requires proof that defendant focused upon the risk of unconstitutional conduct and deliberately assumed or acquiesced in such risk. *Woodward*, 977 F.2d at 1399 (citing *Archuleta*, 897 F.2d at 499).

■ In this case, the City can be liable under Section 1983 if an official custom or policy of the City caused a violation of plaintiff's constitutional rights, see *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Graham*, 473 U.S. at 165, 105 S.Ct. 3099, or an individual with final policymaking authority violated plaintiff's constitutional rights. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (single decision by official responsible for establishing final policy may give rise to municipal liability); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir.1992) (same), *cert. denied*, 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189 (10th Cir.2003).

■ Generally, the First Amendment protects an independent contractor from retaliatory governmental action, just as it protects an employee. *Bd. of County Comm'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 673, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996). To determine the extent of protection, courts weigh the government's interests as contractor, against the free speech interests at stake. *Umbehr*, 518 U.S. at 672, 116 S.Ct. 2342 (citing *Pickering v. Bd. of Edu. of Township High Sch.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). To prevail on his

First Amendment claim, plaintiff must show that the termination of his contract was motivated by his speech on a matter of public concern. *Id.* at 675, 116 S.Ct. 2342 (speech on private employment matters unprotected). If he can do so, the City will have a valid defense if it can show that it would have terminated his contract regardless of his speech or that its legitimate interests outweighed plaintiff's free speech interests. *Id.*

 Plaintiff claims that the City is liable under Section 1983 because it retaliated against him for exercising his First Amendment right to free speech. *Pretrial Order* at 10. Specifically, plaintiff alleges that he engaged in protected speech regarding matters of public concern in a Shawnee County courtroom and that pursuant to a custom and policy of chilling speech regarding matters of public concern, the City retaliated against him by failing to renew his janitorial contract. *Id.* The City seeks summary judgment, arguing that plaintiff cannot establish liability under Section 1983 because the record contains no evidence that the City had a policy or custom of considering contractor speech on matters of public concern or retaliating against them by failing to renew their contracts. Indeed, plaintiff has cited no record evidence of any such custom or policy. Thus no genuine issue of material fact remains on this prong.

 As noted above, however, the City can also be liable if an individual with final policymaking authority violated plaintiff's constitutional rights. *See Pembaur,* 475 U.S. at 481–84, 106 S.Ct. 1292. The City does not address this prong of Section 1983, and the Court will not sift through the record in attempt to construct summary judgment arguments for it. *See Schunk v. United Fin. Mortg. Corp.,* No. 00–2137–KHV, 2001 WL 474299, at *4 n. 12 (D.Kan. April 11, 2001) (citing *Scott v.*

*Hern,* 216 F.3d 897, 910 n. 7 (10th Cir. 2000)).

The Court therefore grants the City's motion for summary judgment on plaintiff's claim that the City violated his First Amendment rights pursuant to a policy or custom of retaliating against contractors who speak out on matters of public concern. The City does not address the question whether an individual with final policymaking authority retaliated against plaintiff. That issue remains in the case.

**IT IS THEREFORE ORDERED** that *Defendant's Motion For Summary Judgment* (Doc. # 78) filed February 27, 2004 be and hereby is **SUSTAINED in part.** Defendant's motion is **SUSTAINED** as to plaintiff's claim under 42 U.S.C. § 1981, and as to plaintiff's claim under 42 U.S.C. § 1983 that the City violated his First Amendment rights pursuant to a policy or custom of retaliating against contractors who speak out on matters of public concern. The question whether an individual with final policymaking authority retaliated against plaintiff in violation of Section 1983 remains in the case.

**IT IS FURTHER ORDERED** that on the Court's own motion, the status conference set for 9:30 a.m. on June 2, 2004 is moved to 1:30 p.m. on June 10, 2004 in Courtroom 476, 500 State Avenue, Kansas City, Kansas.